# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 25-7070

**Case Name** | Phlaum v. Navy Federal Credit Union

**Counsel submitting this form** | Robert D. Friedman

**Represented party/parties** | Blanche Phlaum and Jason Jones

*Briefly describe the dispute that gave rise to this lawsuit.*

This case concerns Navy Federal Credit Union's practice of imposing multiple overdraft fees on its members for a single transaction. Whenever Navy Federal rejects a member's attempted debit to pay for a given transaction because the member has insufficient funds in her account, Navy Federal charges a fee. (For example, if the member has only $50 in her account, but attempts to pay for a $100 jacket, Navy Federal will charge a fee.) This case does not concern this initial non-sufficient fund fee. However, sometimes the merchant attempts to complete the debit for the same transaction again, resulting in a second (or even more) fees for "non-sufficient funds." The plaintiffs here, Blanche Phlaum and Jason Jones, claim that these "retry NSF fees" violate Navy Federal's contract with its members, which promised to charge "a fee" for "each refused check" or "each returned debit item," not multiple fees for each check or debit item. Navy Federal already settled one case bringing these same allegations on a class-wide basis, but it then continued to charge the same fees for a period of months (or for some accountholders, more than a year) before changing its contract. This case concerns that post-settlement period only.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

The district court held that the plaintiffs failed to state a claim for breach of contract because, in the court's view, the contract is unambiguous that a "re-submitted check or debit is still, itself, a check or debit independent from the previously submitted check or debit." The main issue on appeal is whether the district court erred in construing the contract in this way. The plaintiffs may also appeal additional claims based on similar allegations.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None.

**Signature** s/Robert D. Friedman   **Date** 11/13/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

2